**In re STOCKBRIDGE INVESTMENT PARTNERS, INC., York Hannover Nursing Centers, Inc., Debtors.**

**Michael P. Brundage, as Reorganization Trustee for Stockbridge Investment Partners, Inc. and York Hannover Nursing Centers, Inc., Plaintiff,**

v.

**Caliber One Indemnity Co., Royal Indemnity Co., CRC Insurance Services, Inc., National Healthcorp, L.P., and National Healthcare Corp., Defendants.**

Bankruptcy Nos. 99–05930–8P1, 99–05931–8P1.

Adversary No. 8:05–ap–00075–ALP.

United States Bankruptcy Court, M.D. Florida, Tampa Division.

Sept. 2, 2005.

Michael P. Brundage, Hill, Ward & Henderson, P.A., Tampa, FL, pro se.

*ORDER DENYING PLAINTIFF MICHAEL P. BRUNDAGE, AS REORGANIZATION TRUSTEE FOR STOCKBRIDGE INVESTMENT PARTNERS, INC. AND YORK HANNOVER NURSING CENTERS, INC., AND DEFENDANTS CALIBER ONE INDEMNITY CO., CRC INSURANCE SERVICES, INC., NATIONAL HEALTHCORP, L.P., AND NATIONAL HEALTHCARE CORP.'S MOTIONS FOR SUMMARY JUDGMENT*

(Doc. Nos. 53, 56, 60 and 62)

ALEXANDER L. PASKAY, Bankruptcy Judge.

THE IMMEDIATE matter under consideration in these consolidated Chapter 11

cases of Stockbridge Investment Partners, Inc., and York Hannover Nursing Centers, Inc. (the Debtors), are four Motions for Summary Judgment filed in the above-captioned adversary proceeding, entitled (1)Trustee's Motion for Summary Judgment Against Caliber One Indemnity Co., (Doc. No. 56) filed by the Plaintiff Trustee for the Debtors (the Plaintiff); (2) Caliber One Indemnity Company's Motion for Summary Judgment, (Doc. No. 62) filed by Defendant Caliber One Indemnity Company (Caliber One); Defendant National Healthcare Corporation's Motion for Summary Judgment, (Doc. No. 53) filed by Defendant National Healthcare Corporation for itself and National Healthcorp L.P., which was merged with National Healthcare Corporation (NHC); and CRC's Motion for Summary Judgment, (Doc. No. 60) filed by Defendant CRC Insurance Services, Inc. (CRC) (collectively referred to as the Defendants). The Plaintiff and the Defendants contend that there are no genuine issues of material fact and that they are entitled to a judgment as a matter of law.

To place the issues raised by the Motions in an understandable posture, a brief recap of the pre-filing actions between the parties should be helpful.

The Debtors contracted with NHC to manage their six nursing homes. NHC had its broker Poe and Brown negotiate with CRC about providing insurance for the six nursing homes. Caliber One subsequently issued a policy to the Debtors for January 1, 1999, until January 1, 2000, and Royal Indemnity Co. (Royal) issued an excess insurance policy for the Debtors. NHC is an additional insured under the two policies.

The Plaintiff and the Defendants dispute whether the Caliber One policy provides for aggregate professional liability coverage of $3 million on a per location basis or if the cap is for all of the locations. The Plaintiff contends that the policy provides aggregate coverage of $3 million per location for both general commercial liability and professional liability, while Caliber One argues that the $3 million aggregate for general commercial liability is per location, but the $3 million aggregate for professional liability is the total for all locations.

Because the parties dispute whether the endorsement page or binder are parts of the contract, and because Defendant Caliber One asserts an affirmative defense of laches that includes disputed evidence, this Court is satisfied that there are genuine issues of material fact and the above-stated Motions for Summary Judgment shall be scheduled for an final evidentiary hearing.

ORDERED, ADJUDGED AND DECREED that the Trustee's Motion for Summary Judgment Against Caliber One Indemnity Co. (Doc. No. 56) be, and the same is hereby, denied. It is further

ORDERED, ADJUDGED AND DECREED that Caliber One Indemnity Company's Motion for Summary Judgment (Doc. No. 62); Defendant National Healthcare Corporation's Motion for Summary Judgment (Doc. No. 53); and CRC's Motion for Summary Judgment, (Doc. No. 60) be, and the same are hereby, denied. It is further

ORDERED, ADJUDGED AND DECREED that a pretrial conference shall be held on _____, 2005, beginning at _____.m. at Courtroom 9A, Sam M. Gibbons United States Courthouse, 801 N. Florida Ave., Tampa, Florida.

DONE AND ORDERED at Tampa, Florida, on _____.